**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PARAMOUNT MECHANICAL CORP.** 7053 Gateway Court, Manassas, VA 20109<br><br>    Plaintiff,<br><br>v.<br><br>**SAUER CONSTRUCTION, LLC** 6621 Southpoint Drive N., Suite 200 Jacksonville, FL 32216<br><br>    Registered Agent: Corp. Service Co. 100 Shockoe Slip, Second Floor Richmond, VA 23219<br><br>and<br><br>**FEDERAL INSURANCE COMPANY** 202B Hall's Mill Road, P.O. Box 1650 Whitehouse Station, NJ 08889<br><br>    Registered Agent: CT Corp. System 4701 Cox Road, Suite 285 Glen Allen, VA 23060<br><br>    Defendants. | **Civil Case No.:** |

## COMPLAINT

Plaintiff, United States of America, for the Use and Benefit of Paramount Mechanical Corporation ("Paramount"), by and through counsel, files its Complaint against Defendants, Sauer Construction, LLC ("Sauer") and Federal Insurance Company ("FIC") (collectively, the "Defendants"). Accordingly, Paramount states the following:

## NATURE OF THE ACTION

1. Paramount asserts this action against Sauer and FIC to recover amounts due and owing to Paramount for work completed at a military facility located in Fort Myer, Virginia (the "Project").

2. Paramount asserts this action under the Miller Act, 40 U.S.C. § 3133, against FIC for past-due amounts owed to Paramount subject to the performance bond (the "Bond") issued to Sauer. *See* Bond, attached hereto as **Ex. 1.**

3. Additionally, Sauer breached its obligations under its subcontract agreement with Paramount (the "Agreement") and damaged Paramount in the amount of at least $1,648,164.00 in unpaid amounts owed. *See* Agreement, attached hereto as **Ex. 2.**

4. Sauer and FIC are jointly and severally liable for Sauer's failure to pay Paramount for work completed under the Agreement.

## PARTIES

5. Paramount is a Virginia stock corporation with its principal place of business at 7053 Gateway Court, Manassas, Virginia 20109.

6. Sauer is a Florida limited liability company with its principal place of business at 6621 Southpoint Drive N., Suite 200, Jacksonville, Florida 32216.

7. FIC is a New Jersey stock corporation with its principal place of business at 202B Hall's Mill Road, P.O. Box 1650, Whitehouse Station, New Jersey 08889.

## JURISDICTION AND VENUE

8. Under 28 U.S.C. § 1331, this Court possesses original jurisdiction over Paramount's federal Miller Act claim.

Under 28 U.S.C. § 1332, this Court possesses jurisdiction over Paramount's breach of contract claim due to the diversity of citizenship among the parties and the amount in controversy exceeding $75,000.00.

9. This Court also has jurisdiction over Paramount's breach of contract claim under 28 U.S.C. § 1367, as Sauer's various breaches of the Agreement form part of the same case or controversy as the Miller Act claim.

10. Under 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(b)(3)(B), venue is proper because the events and omissions giving rise to Paramount's claims occurred in Fort Myer, Virginia, where the Agreement was to be performed and executed.

## FACTUAL ALLEGATIONS

### A. The Project

11. Sauer entered into a prime contract with the U.S. Army Corps of Engineers ("Army") for the Project; specifically, for Sauer to repair and renovate Barracks, Building 416, at Fort Myer, Virginia.

12. On October 6, 2022, Sauer and Paramount entered into the Agreement for Paramount to provide *inter alia* mechanical and plumbing work at the Project. *See* Ex. 2.

13. In order to secure payment obligations on the Project. Sauer obtained the Bond from FIC in the penal sum of $9,711,000.00. *See* Ex. 1 at 1.

### B. The Agreement as Amended

14. In exchange for Paramount's "satisfactory performance and completion of the Work and of all its duties under this Agreement, Sauer agree[d] to pay [Paramount] $6,991,500 ("Subcontract Price")[.]" Ex. 2 at 5 (parentheticals in original).

15. Sauer further agreed to pay Paramount through "progress payments" made following applications furnished by Paramount. *See id.*

16. On October 6, 2022, Sauer and Paramount entered into a change order (the "First Change Order") for the Agreement. *See* First Change Order, attached hereto as **Ex. 3.**

17. Under the First Change Order, Sauer agreed that Paramount "will be paid within seven (7) calendar days of payment receipt from Owner." *Id.* at 1 (parentheticals in original).

18. Moreover, Sauer agreed that "if delayed or non-payment (Partial or Final) from Owner is caused by Sauer or others within Sauer's control, Sauer shall not be relieved of its obligation to make payment, and such payment shall be made no later than 60 days from the date of the approved invoice and all required payment documentation is received by Sauer's accounting department." *Id*.

19. Sauer further agreed that Paramount's "indemnification will be limited to the extent of its fault, negligence, wrongful conduct, or breach of this Agreement.  This indemnification is excluded to the extent of gross, or willful negligence or the intentional harmful act of the indemnified parties or others for whose acts they may be liable." *Id.* at 1-2.

20. Regarding disputes, Sauer agreed that any dispute arising out of the Agreement shall be resolved within the "State where the project is located, and the laws of said place shall govern all such disputes." *Id.* at 2.

21. On April 11, 2024, Sauer issued and executed with Paramount another change order (the "Second Change Order") for the Agreement. *See* Second Change Order, attached hereto as **Ex. 4.**

22. Under the Second Change Order, Sauer increased the "Subcontract Price" by $1,995,000.00, to a total of $8,986,500.00, to account for escalation costs to the Project. *Id.*

**C. Failure to Pay**

23.     Following the Second Change Order, Paramount timely submitted progress payment applications to Sauer.

24.     Following the Second Change Order, Sauer failed to make timely payments to Paramount under the Agreement.

25.     Upon information and belief, Sauer has received corresponding progress payments from the Project's owner for the services Paramount performed.

26.     To date, Sauer failed to pay the amounts owed to Paramount under the Agreement, despite numerous demands for payment.

27.     To date, FIC has failed to pay the amounts owed to Paramount under the Agreement.

**COUNT I – BREACH OF CONTRACT**
**(Sauer Construction, LLC)**

28.     Paramount incorporates its foregoing allegations in Paragraphs 1-27 as if fully set forth herein.

29.     Sauer had a legally enforceable obligation to make timely payments to Paramount for Paramount's work performed under the Agreement.

30.     Sauer violated that obligation by failing to make timely payments to Paramount in the amount of at least $1,648,164.00.

31.     Paramount has performed all conditions precedent to recovery under the Agreement or has been prevented from fulfilling them by Sauer's breach of contract, breach of the duty of good faith and fair dealing, and breach of the duty of cooperation.

32.     Sauer's failure to pay has damaged Paramount because Paramount never received payments owed to it under the Agreement.

33. As a direct result of Sauer's breach of the Agreement, Paramount is entitled to recovery of money owed to Paramount for performing its obligations under the Agreement.

WHEREFORE, Plaintiff Paramount Mechanical Corporation respectfully requests that this Court enter judgment in favor of Paramount Mechanical Corporation and against Defendant Sauer Construction, LLC for at least the amount of $1,648,164.00, plus court costs, and any further relief this Court deems just and proper.

### COUNT II – BREACH OF PAYMENT BOND
**(Federal Insurance Company)**

34. Paramount incorporates its foregoing allegations in Paragraphs 1-33 as if fully set forth herein.

35. Paramount is within the class of claimants protected by the Bond because it has furnished labor for the Project for which it has not received payment.

36. As a surety on the Bond, FIC is jointly and severally liable with Sauer to pay Paramount for its unpaid labor and/or materials furnished in prosecution of Paramount's work on the Project in the amount of at least $1,648,164.00.

37. FIC failed to make payment to Paramount on its claim against Sauer.

38. Paramount has performed all conditions precedent to recover under the Agreement or has been prevented from fulfilling them by Sauer's breach of contract, breach of the duty of good faith and fair dealing, and breach of the duty of cooperation.

39. Pursuant to 40 U.S.C. § 3133, Paramount has filed this action more than 90 days after the date on which Paramount performed the last of the labor for which this claim is made.

WHEREFORE, Plaintiff Paramount Mechanical Corporation respectfully requests that this Court enter judgment in favor of Paramount Mechanical Corporation and against Defendant

Federal Insurance Company for at least the amount of $1,648,164.00, plus court costs, and any further relief this Court deems just and proper.

### COUNT III – QUANTUM MERUIT (In the Alternative)
### (Sauer Construction, LLC)

40. Paramount incorporates Paragraphs 1–39 as if fully set forth herein.

41. In the alternative to Count I, if the Court finds that no enforceable contract governs some or all of the work performed by Paramount, Paramount is entitled to recover in quantum meruit.

42. Paramount furnished labor, materials, and services for the Project at Sauer's request and for Sauer's benefit.

43. Sauer accepted and retained the benefit of Paramount's work under circumstances that make it unjust for Sauer to retain such benefit without payment.

44. The reasonable value of the labor, materials, and services provided by Paramount is at least $1,648,164.00.

**WHEREFORE**, Plaintiff requests judgment against Sauer in the amount of $1,648,164.00, plus interest, costs, and such other relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| October 17, 2024 | Gordon Rees Scully Mansukhani, LLP |
| | By:  */s/ Patrick K. Burns*  <br>Patrick K. Burns (VSB: 80188) <br>Tyler J. Miko (VSB: 97699) <br>GORDON REES SCULLY MANSUKHANI, LLP <br>277 S. Washington Street, Suite 550 <br>Alexandria, Virginia 22314 <br>T: (202) 399-1009 <br>F: (202) 800-2999 <br>pburns@grsm.com <br>tmiko@grsm.com <br><br>*Counsel for Plaintiff* |